

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 5, 1970

Honorable Hugh C. Yantis, Jr.
Executive Director
Texas Water Quality Board
1108 Lavaca Street
Austin, Texas   78701

Dear Mr. Yantis:

Opinion No.  M-723

Re:   Contract Between
Texas Water
Quality Board and
Gulf Coast Waste
Disposal Authority

You have recently asked an opinion of this office concerning payment of appropriations authorized by the Legislature under Acts of the 61st Legislature, Second Called Session, 1969, chapter 50, page 861.  Your specific request rephrased is:

> Whether the Texas Water Quality
> Board may make a lump sum pay-
> ment now to the Gulf Coast Waste
> Disposal Authority of the remain-
> ing portion of the $100,000.00
> appropriated to the Board for
> the 1971 fiscal year.

The Gulf Coast Waste Disposal Authority was created for the purpose of "...developing and effectuating for Chambers, Galveston and Harris Counties a regional water quality management program including provision of waste disposal systems and regulation of disposal of wastes." (Acts 61st Leg., 1969, ch. 409, p. 1336, codified by Vernon as Art. 7621d-2, V.C.S., Sec. 1.01).  The Authority was created "...pursuant to Article XVI, Section 59, of the Texas Constitution, ...which shall be a governmental agency and body politic and corporate of the State of Texas..."  Art. 7621d-2, Sec. 2.01, V.C.S.  In a review of the entire act, the Authority appears to have general in-dependent powers subject to supervision by the Water Quality Board in the instances therein stated.

Section 3.24, of the Act (Art. 7621d-2, V.C.S.) reads as follows:

> "The authority may enter into
> cooperative agreements with
> other local governments, state
> agencies, or agencies of the
> United States of America

> (1) <u>to perform water quality
> and waste disposal management
> inspection, and enforcement
> functions</u> and give technical
> aid and education services to
> any entity that is a party to
> the agreement; and
> (2) <u>to transfer money or prop-
> erty</u> to any entity that is a
> party to the cooperative agree-
> ment <u>for the purpose of water
> quality and waste disposal
> management, inspection, enforce-
> ment, and technical aid and
> education.</u>"   (Emphasis added)

This above authorization is likewise granted to the Water
Quality Board in the same language (Art. 7621d-1, Sec.
5.05, V.C.S.). We note that there are no restrictions in
either Act to limit the amount of money or property or
the manner in which it may be transferred in the fulfill-
ment of contracts.

The general appropriations bill for the 1970-1971
biennium makes the following appropriation to the Texas
Water Quality Board (Art. III, p. 161, item 19):

> "19.  Contracting with the Gulf
> Coast Waste Disposal Authority
> to carry out a water quality
> management and waste disposal
> control program within the area
> of the Authority, as author-
> ized under the Gulf Coast Waste
> Disposal Authority Act
> For the Years Ending
> August 31, 1970        August 31, 1971
>
> 100,000                100,000"

We note that there are no restrictions imposed to limit
the manner or amount in which the appropriations are to
be paid. Acts 61st Leg., 2nd C.S., 1969, ch. 50 p. 861.
Our opinion is that the contract between the Texas Water
Quality Board and the Gulf Coast Waste Disposal Authority

was authorized by the Legislature under the laws stated above.

We consider now the provisions of the contract itself.  The purpose is stated substantially as stated in the enabling act, "to carry out a water quality management and waste control program..." by the Authority as set out in paragraphs I and II of the contract.  In paragraphs IB  and IC  it is stated:

> "B.  The Board covenants and agrees to pay and transfer to the Authority the sum of One Hundred Thousand and No/100 Dollars ($100,000.00), effective upon the execution of this agreement, and further covenants and agrees to pay and transfer to the Authority the sum of One Hundred Thousand and No/100 Dollars ($100,000.00) as soon as possible after September 1, 1970 for the purpose of carrying out this program."  (Emphasis added)

The optional features of the contract provide:

> "C.  If the transfers as described in Subparagraph B, above, cannot be accomplished for any reason, then the Board agrees and covenants to pay the Authority for the expenses incurred in carrying out this program, determined in accordance with standard engineering and accounting procedures, including without limitation operating and overhead expenses.  These payments shall not exceed $100,000.00 for the expenses incurred during the State fiscal year ending August 31, 1970, and $100,000.00 for the expenses incurred during the State fiscal year ending August 31, 1971.  Payments will be made to the Authority as the expenses are incurred on the basis of vouchers submitted periodically to the Board by the Authority

and approved by the Executive
Director of the Board or his desig-
nated representative."

The other terms of the contract are in accordance with
the provisions of Article 7621d-2 and with the purposes
of the Water Quality Board as set forth in Article 7621d-1.

Other terms in the statutes creating the Authority
provide for maintaining bank accounts, authorizing bonds,
taxes, loans, accepting grants, and charging fees, and
requiring the state auditor to audit annually the
Authority's books and accounts in a manner enabling him
to report to the Legislature.

In view of the foregoing, it is our opinion that the
Texas Water Quality Board may make a lump sum payment
now to the Gulf Coast Waste Disposal Authority of the re-
maining portion of the $100,000.00 appropriated to the
Board for the fiscal year ending August 31, 1971.

S U M M A R Y

The Texas Water Quality Board
is authorized to make a lump sum
payment now to the Gulf Coast Waste
Disposal Authority of the remain-
ing portion of the $100,000.00
appropriated to the Board for the
fiscal year ending August 31, 1971.

Yours truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Allen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

John Banks
Jim Swearingen
Roland Dan Green III
James Mabry

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant